No. 20,391.

CLARENCE MENTON *v.* JUDGE MITCHEL B. JOHNS AND THE DISTRICT COURT OF THE CITY AND COUNTY OF DENVER.
(377 P. [2d] 104)

Decided December 24, 1962.

Mr. SIDNEY H. TELLIS, for petitioner.

Mr. DUKE W. DUNBAR, Attorney General, Mr. BERT M. KEATING, District Attorney, Second Judicial District, Mr. GREGORY A. MUELLER, Assistant, Mr. DAVID C. LITTLE, Deputy, for respondents.

*En Banc.*

Opinion by MR. JUSTICE HALL.

MENTON, petitioner here, was a defendant in the district court, where he was charged with the crimes of "assault to rob and conspiracy to commit robbery."

On February 6, 1962, the case against Menton came on for trial before the Hon. Mitchel Johns, one of the judges of said court. The parties announced themselves ready for trial, a jury of twelve was selected and sworn. The People presented their evidence and rested, whereupon Menton moved for a directed verdict of "not guilty." This motion was denied; whereupon Menton presented his defense and rested, and again moved for a directed verdict of not guilty or for an order of dismissal. The court then entered the following order:

"At the conclusion of defendant's evidence, 'Defendant's Motion to Dismiss granted, Court ordered defendant be released and the case dismissed."

In the record before us appears the following order entered February 8, 1962:

"On D.A.'s Motion, Court orders Motion for .New Trial dispensed with if same were filed it would be denied."

On April 25, 1962, the district attorney filed in the case a document labeled: "MOTION FOR NEW TRIAL, AND PETITION TO RECONSIDER COURT'S RULING DISPENSING WITH NEW TRIAL."

On May 4, 1962, this motion and petition was heard and a new trial ordered.

Menton was again arrested on an *alias capias* in the same case in which he had been tried and the matter continued to July 20, 1962, for setting of a trial date.

On July 18, 1962, Menton filed his petition in this court setting forth the foregoing facts and praying for a writ of prohibition against the district court, prohibiting further proceedings against him. Rule to Show Cause was issued and on August 6, 1962, an "ANSWER TO RULE TO SHOW CAUSE" was filed in behalf of respondents.

The sum and substance of respondents' answer is that the trial court sustained defendant's motion for dismissal or directed verdict on the mistaken belief that the People had failed to prove that the alleged offense had been committed in the City and County of Denver, when in truth and in fact two witnesses had testified to said fact; therefore the court, in ordering the case dismissed, had: " * * * committed error in law which prejudiced the People of the State of Colorado * * * ."

We find nothing in the law that even remotely sanctions this new, novel and wholly unwarranted procedure of the district attorney and the district court. ■ We point out that the Constitution of Colorado, Article II, Section 18, in rather clear language, provides that: " * * * nor shall any person be twice put in jeopardy for the same offense * * * ."

Menton was placed in jeopardy when the jury was sworn:

" * * * The general rule established by the preponderance of judicial opinion and by the best considered cases is that, when a person had been placed on trial on a valid indictment or information before a court of competent jurisdiction, has been arraigned, and has pleaded, and a jury has been impaneled and sworn, he is in jeopardy, but that, until these things have been done, jeopardy does not attach. * * * ." 22 C.J.S. 637, Criminal Law, §241. See, also, *Markiewicz, et al., v. Black, et al.,* 138 Colo. 128, 330 P. (2d) 539.

■ Certainly it was not only within the province of the trial judge, but it was his duty to rule upon motions presented, and in this case it was his duty to rule on defendant's motion for acquittal or dismissal. The order sustaining the motion and discharging the defendant ended the case, and the defendant could not be again tried for the same offense.

Counsel for the People urge that the order sustaining the motion for directed verdict of not guilty or judgment of acquittal creates a situation: " * * * similar to that which exists when a mistrial is declared by a trial court * * * ."

The alleged similarity escapes us. When a mistrial is declared, there is no trial, no judgment. In the case before us all parties had full opportunity to, and did, present their evidence. Nothing remained to be done except to submit the case to the jury, or to grant the motion.

To hold as contended for by respondents would be to delete from the Constitution Article II, Section 18; to disregard *Markiewicz v. Black,* supra, and all precedents and indulge in revolutionary fantasy.

The rule is made absolute and the respondents ordered to reinstate the order discharging Menton.