**No. 26500**
**No. 26584**

**The People of the State of Colorado v. Louis Gordon Poole, Jr. and Gerard Allen Ostgarden**

(555 P.2d 980)

Decided November 1, 1976.

Robert Russel, District Attorney, Steven T. Pelican, Deputy, for plaintiff-appellant.

Spottswood W. H. Williams and James R. Barash, for defendants-appellees.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

As the result of an aborted narcotics transaction, defendants Poole and Ostgarden were charged with two counts of possession of a narcotic drug,[1] theft,[2] and defendant Poole was charged with first-degree assault on a police officer.[3] Prior to trial, the possession and theft charges were dismissed by the district attorney when the trial court entered an order suppressing certain evidence. At a later date, the trial court dismissed the assault charge on the ground that the prosecution had destroyed exculpatory evidence. The People now appeal from the suppression order and the dismissal based on destruction of evidence. We dismiss that part of the appeal directed towards the suppression order and affirm the trial court's order of dismissal.

On December 12, 1973, Colorado Springs police officers Lilly and Shull went to the residence of Rudokas to purchase narcotic drugs. Lilly and Shull were acting as undercover agents and had previously purchased narcotics from Rudokas. When Rudokas informed the officers that he had no drugs to sell, surveillance officers were summoned and Rudokas was arrested.

As the officers moved toward the other persons in the other room, defendant Poole drew a hand gun and aimed it at Officer Shull. Poole refused to drop the weapon when ordered to do so, and Officer Shull shot him in the neck. As a result of this incident, Poole was charged with first-

---

[1] C.R.S. 1963, § 48-5-2 and 1971 Perm. Supp., C.R.S. 1963, § 48-5-20. Now Article 22 of Title 12, C.R.S. 1973.

[2] 1971 Perm. Supp., C.R.S. 1963, § 40-4-401. Now section 18-4-401, C.R.S. 1973.

[3] 1971 Perm. Supp., C.R.S. 1963, § 40-3-202(1)(e). Now section 18-3-204(1)(e), C.R.S. 1973.

degree assault.

Searches of the residence were conducted after all persons had been arrested. These searches led to the filing of drug possession and theft charges against the defendants.

I.

■ The defendant filed a motion to suppress all evidence gathered as a result of the searches. The trial court held that the searches violated the Fourth and Fourteenth Amendments to the United States Constitution and ordered all such evidence suppressed. Unable to proceed against the defendant on the possession and theft charges without the suppressed evidence, the district attorney confessed a motion to dismiss those charges.

The district attorney then attempted to file an interlocutory appeal from the suppression order. The district attorney, however, filed the notice of appeal after the time limited by the rule had expired, and the defendant objected to the late filing. The People then stated that they would proceed on appeal as if the defendant had been placed in jeopardy and acquitted of the possession and theft charges. *See* section 16-12-102, C.R.S. 1973.

Under these circumstances, we dismiss the appeal from the suppression order. The trial judge made findings and conclusions based on a specific fact situation and we are of the opinion that the suppression order raises no issues of precedential value. *People v. Turner*, 191 Colo. 195, 551 P.2d 200 (1976); *People v. Kirkland*, 174 Colo. 362, 483 P.2d 1349 (1971).

II.

The trial court, after an extensive hearing, granted the defendant's motion to dismiss the assault charge. The People appeal from this order of dismissal.

When Officers Lilly and Shull entered the Rudokas residence, they were operating in an undercover capacity and were not in uniform. In fact, the evidence shows that the officers had long hair and beards and were dressed in army fatigue coats and blue jeans.

Poole successfully argued in the trial court that the appearance of the officers at the time he aimed his gun at Officer Shull was crucial, since the statute specifically requires as one of the elements of the offense charged that the defendant knew or reasonably should have known that the person was a peace officer engaged in the performance of his duties.

In an attempt to compel the officers to maintain their appearances for trial, defense counsel caused *subpoenas duces tecum* to issue to the officers. The *subpoenas* commanded the officers to present themselves at trial as they appeared on December 17, 1973, replete with all facial hair in place. These subpoenas were delivered to the Colorado Springs police department on January 25, 1974, but were not personally served upon the officers. Officer Shull testifed that he learned of the contents of the subpoena on or about February 2, 1974. Shull further testified that he

understood what the subpeona required of him.

Nevertheless, on February 15, 1974, Officer Shull shaved all of his facial hair. He testified that he woke up in the middle of the night because his beard was bothering him. He stated that at the time he shaved he had forgotten about the subpeona.

On March 15, 1974, the trial court granted the People's motion to quash the *subpoenas duces tecum*. The court based its ruling on the fact that the officers were not personally served with the subpoenas.[4] In passing, the trial court stated that Officer Shull's conduct was "reprehensible" because the officer knew that he was not supposed to shave. After the subpoenas were quashed the deputy district attorney, without seeking leave of court, gave Officer Shull permission to cut his hair. Officer Shull did so.

■ The trial court, after a hearing on Poole's motion to dismiss, dismissed the case. Apart from the issue of imposing sanctions upon the state for willful destruction of evidence such as were discussed in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1966), ordinarily the proper inquiry in a case involving the unavailibility of certain evidence once held by the prosecution is whether the defendant can receive a fair trial in the absence of the evidence.

Poole's theory of defense here was that he did not know, nor would a reasonable person have been aware, that Shull was a peace officer engaged in his official duties. There is no question as to the materiality of Shull's appearance at the time the defendant aimed his gun at the officer. The People's position has been that, while it is unfortunate that Officer Shull does not now appear as he did on December 17, 1973, the defendant may still receive a fair trial based on verbal descriptions of the officers' appearances. The People contend, therefore, that the sanction of dismissal is not warranted by the facts of this case.

The majority rule as developed on a case by case basis in this country, and particularly in the federal courts, seems to be as contended for by the People that where evidence subject to disclosure is lost or destroyed by the prosecution, a court will not impose sanctions if the loss was inadvertent and not deliberate or in bad faith, and there was not such prejudice to defendant as to completely deny him a fair trial. *See United States v. Augenblick*, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969); *United States v. Miranda*, 526 F.2d 1319, 1327 (2d Cir. 1975), *cert. denied*, 45 U.S.L.W. 3249 (U.S. Oct. 5, 1976); and cases cited at 526 F.2d at 1327; *United States v. Bryant*, 439 F.2d 642, 651 (D.C.Cir. 1971); *see also People v. Norwood*, 37 Colo. App. 157, 547 P.2d 273 (1975), Colo. *cert.*

---

[4] The trial court expressed the view that a *subpoena duces tecum* was not the proper procedure to compel a person to maintain a particular physical appearance. We do not reach this question because the record shows that the police, and thus the prosecution, was on notice that the defense considered the officer's appearance to be important to the defense.

*denied*, March 8, 1976. But we are faced here with a fact finding by the trial judge that (1) the prosecutor could have appeared and asked for remedial relief with respect to the *subpoena duces tecum* ordering the evidence to be preserved, including that photographs be made before the appearance of the police officer was altered and (2) that the evidence in the specific form requested to be preserved was crucial to the defense and the failure to produce it would deny a fair trial.

The power of a court to fashion remedies for the loss or destruction of evidence must always remain discretionary in order to prevent injustice or unfairness of the trial procedures. In exercising this discretion, the court must weigh the significance of the evidence lost or destroyed and the conduct of the prosecution which led to its loss or destruction. Under the circumstances here, we find no abuse of discretion by the trial judge.

The appeal from the suppression order for dismissal is dismissed and the judgment of the trial court dismissing the information is affirmed.

MR. JUSTICE GROVES does not participate.