**No. 27347**

**The People of the State of Colorado v. Carl M. Shortt**

(557 P.2d 388)

Decided December 6, 1976.

John F. Healy, District Attorney of the Fifth Judicial District, W. Terry Ruckriegle, Deputy, for plaintiff-appellant.

No appearance by defendant-appellee.

*En Banc.*

MR. CHIEF JUSTICE PRINGLE delivered the opinion of the Court.

This is an appeal by the People from a judgment of dismissal of an information charging the defendant with possession of cannabis with intent to sell in violation of section 12-22-404, C.R.S. 1973. Following a hearing on the defendant's motion to dismiss, the trial court concluded that the relevant statutes failed to "create" the crime charged in the information. In its order dismissing the information the court stated:
"There is, of course, no crime of possession to sell in 404. Insofar as the Information charges such crime, it is a nullity. Further, it is a strained construction of 412, penalties, to say a crime is legislatively enacted."
We do not agree with the trial judge's interpretation of the relevant statutes and therefore reverse.

Section 12-22-404, C.R.S. 1973 (1975 Supp.) declares that it is unlawful to possess or use any dangerous drug, including cannabis. Section 12-22-412(3), C.R.S. 1973, in the section headed "Violations-Penalties," declares that:
"Any person who has in his possession any dangerous drug with the intent to dispense said drug in violation of the provisions of section 12-22-404 . . . is guilty of a felony. . . ."[1]
Read in context, these statutes adequately inform a person of ordinary intelligence of the conduct that is forbidden, that it is a crime to possess cannabis with intent to sell. The subheading provided in the codification of the relevant statutes is no part of the text and will not defeat a clear legislative prohibition. Section 2-5-113(4), C.R.S. 1973.

This information complies with the technical requirement of specificity by setting forth the statutory crime charged with a sufficient degree of certainty that a court could pronounce judgment upon a conviction. Crim. P.7(b)(2); Section 16-5-202, C.R.S. 1973. The statutory reference, although it may be inaccurate, was an immaterial part of the information, *People v. Marion*, 182 Colo. 435, 514 P.2d 327 (1973); *Lucero v. People*, 164 Colo. 247, 434 P.2d 128 (1967). As the trial court itself recognized, that inaccuracy was not fatal and, if necessary, could be

---

[1] "Dispense" is defined in section 12-22-403(6), C.R.S. 1973 to include the ". . . sale . . . to another person."

corrected by amendment.

The motion to dismiss the information was improperly granted, and jeopardy not yet having attached, we reverse and remand for further proceedings.