JUSTICE ROVIRA
delivered the opinion of the Court.
This is an appeal by the People from a judgment of acquittal entered by the trial court at the close of the People’s case. The defendant was charged in an information with the crime of “possession with intent to dispense a dangerous drug . . . in violation of 12-22-404, C.R.S. 1973.” The issues raised by this appeal are: (1) whether the trial court erred as a matter of law in granting the defendant’s motion for judgment of acquittal on the basis that section 12-22-404, C.R.S. 1973 (1978 Repl. Vol. 5), did not proscribe the crime charged; and (2) whether jeopardy attached. We disapprove of the trial court’s granting of the motion for judgment of acquittal, but rule that the defendant has been in jeopardy.
I.
The trial court based its judgment of acquittal on its determination that the statute cited in the information, section 12-22-404, does not define the crime of possession of a dangerous drug with intent to dispense. The People argue that the crime is validly defined in section 12-22-412(3), C.R.S. 1973 (1978 Repl. Vol. 5). We agree.
It is true that section 12-22-404, standing alone, does not define the crime in question. However, section 12-22-412(3), labeled “ Violations — penalties,” at the time relevant to this appeal, provided as follows:
*460 “Any person who has in his possession any dangerous drug with the intent to dispense said drug in violation of the provisions of section 12-22-404 ... is guilty of a felony . . . .”
People v. Shortt, 192 Colo. 183, 557 P.2d 388 (1976), is dispositive of this issue. In Shortt, we held that the trial court had acted improperly in dismissing an information which charged the crime of possession of cannabis with intent to sell. The inclusion of that crime within section 12-22-412(3), read in the context of the entire Colorado Dangerous Drug Act, was an adequate specification of the proscribed conduct, and the subheading, “Violations — penalties,” since not a part of the text of the statute, would not defeat the otherwise clear legislative proscription of conduct. This court also held in People v. Marion, 182 Colo. 435, 514 P.2d 327 (1973) that the incorrect statutory reference in the information was not material.
The issue raised in the instant case is identical to that in Shortt, supra. We hold that the trial court erred as a matter of law when it granted the defendant’s motion for judgment of acquittal.
II.
The People argue that the double jeopardy clause of the state constitution {Colo. Const. Art. II, Sec. 18) does not preclude retrial of the defendant and that we should remand this case for a new trial pursuant to our determination that the trial court erred as a matter of law in granting the motion for judgment of acquittal. We disagree.
The law is clear in Colorado that a defendant in a criminal case has been put in jeopardy within the meaning of the state double jeopardy clause: (1) when he has been indicted or informed against and has pled not guilty; (2) when the trial proceeds before a court with competent jurisdiction; (3) when a jury has been impaneled and sworn. Markiewicz v. Black, 138 Colo. 128, 330 P.2d 539 (1958); Menton v. Johns, 151 Colo. 276, 377 P.2d 104 (1962). Jeopardy attaches when the defendant is “present at a judicial proceeding aimed at reaching a final determination of his guilt or innocence.” People v. King, 181 Colo. 439, 445, 510 P.2d 333, 336 (1973). When jeopardy has thus attached and a judgment of acquittal has been granted at the defendant’s request following the close of the prosecution’s case, the defendant cannot be tried again on the same charge. Menton, supra; Krutka v. Spinuzzi, 153 Colo. 115, 384 P.2d 928 (1963). Retrial is precluded even when the trial court erred as a matter of law in granting the judgment of acquittal. Menton, supra; People v. Terry, 189 Colo. 177, 538 P.2d 466 (1975). The defendant in the instant case therefore cannot be subjected to a new trial on the charge of possession of a dangerous drug with intent to dispense under the double jeopardy clause of the state constitution.
The People would have us depart from our previous interpretations of the state double jeopardy clause on the authority of United States v. *461 Scott, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). In that case, the United States Supreme Court held that the double jeopardy clause of the federal constitution does not preclude the retrial of a criminal defendant who has successfully sought a dismissal of the charge against him at the close of the prosecution’s case “on a basis unrelated to factual guilt or innocence of the offense of which he is accused.” 437 U.S. at 99.
We decline to follow the reasoning of Scott, supra, in our application of the double jeopardy clause of the Colorado Constitution. Our understanding of the purpose of the state constitutional prohibition against double jeopardy has been articulated in the many cases referred to above, and we are not persuaded by the analysis and reasoning of Scott to alter our views.
We disapprove of the trial court’s granting of the judgment of acquittal. However, Colo. Const. Art. II, Sec. 18, precludes retrial of the defendant.
Judgment disapproved.