**Adam Todd WALTEMEYER, Petitioner,**

**v.**

**The PEOPLE of the State of Colorado, ex rel., the CITY OF ARVADA, Respondent.**

**No. 81SC355.**

Supreme Court of Colorado, En Banc.

Feb. 7, 1983.

Ralph B. Rhodes, Denver, for petitioner.

Patricia C. Tisdale, Asst. City Atty., Arvada, for respondent.

ERICKSON, Justice.

The defendant-appellant, Adam Todd Waltemeyer, was charged with violating section 4–9 of the Model Traffic Code for Colorado Municipalities (section 42–4–1002(5), C.R.S.1973 (1982 Supp.), as adopted by the City of Arvada, which is entitled "Decreased speed for school zone or construction area." The summons and complaint allege that the defendant-appellant exceeded the safe speed limit by operating his car 57 miles per hour in a 25 miles per hour construction zone. Trial was to a jury which found the defendant guilty as charged. Thereafter, the defendant made a motion for a judgment notwithstanding the verdict, arguing that section 4–9 does not prohibit a specific act by the defendant. The municipal court granted the motion, declaring that section 4–9 of the Model Traffic Code does not specify prohibited acts and only authorizes a specific speed limit under certain conditions. On appeal

to the district court, the municipal court's ruling was reversed. We affirm.

■ Section 4–9[1] of the article pertaining to speed regulations of the City of Arvada must be read in the context of the entire article. Section 4–1(b)[2] provides speed limits for various traffic conditions. These speed limits are subject to certain exceptions which are designed to meet specific situations where a fixed, statutory limit is inappropriate. Section 4–9 is an exception which allows for speed limits appropriate to meet the special needs of school zones and construction areas.

In the context of the speed regulation article, including section 4–1(b), section 4–9 adequately specifies the proscribed conduct and informs violators of the potential penalties. *People v. Shortt,* 192 Colo. 183, 557 P.2d 388 (1976). *See also Olinyk v. People,* 642 P.2d 490 (Colo.1982); *People v. Paulsen,* 198 Colo. 458, 601 P.2d 634 (1979). The traffic code of the City of Arvada adequately apprised Waltemeyer of the prohibition against exceeding the posted speed limit in a construction zone. The summons and complaint were therefore sufficient to charge Waltemeyer with a prohibited act.

■ The defendant also argues that the notice of appeal to the district court did not describe the issues on appeal with sufficient particularity. *See* Crim.P. 37(b). In our view, the notice of appeal provided sufficient notice to the parties and the district court of the basis for the appeal. The appeal arose over the sole issue of whether the municipal judge's granting of a judgment notwithstanding the verdict based on an interpretation of section 4–9 was proper. The notice of appeal set forth the issue on appeal and the designation of record supported that identification. *See Widener v. District Court,* 200 Colo. 398, 615 P.2d 33 (1980). Requiring further description of the appeal when no other issue was involved in the municipal judge's order of dismissal would be hypertechnical and would not further the policy of Rule 37 in narrowing the focus of appellate review and providing notice to appellees of the issues on appeal. *Id.*

We affirm the district court.

1. Section 4–9 provides:

"When official signs giving notice of the appropriate speed limit for a school zone or construction area or other place are erected or displayed, the lawful speed limit at the applicable times and place shall be that which is then indicated upon such signs; except that no such speed limit shall be less than twenty miles per hour on a state highway or other arterial street as defined by State law, nor less than fifteen miles per hour on any other road or street, nor shall any such reduced speed limit be made applicable at times when the special conditions for which it is imposed cease to exist."

2. Sections 4–1(b) and (c) provide:

"(b) Except when a special hazard exists that requires lower speed, and except as otherwise provided herein, the following speeds shall be lawful:

(1) Twenty-five miles per hour in any business district;

(2) Thirty miles per hour in any residence district;

(3) Twenty miles per hour on narrow, winding mountain highways and blind curves;

(4) Forty miles per hour on open mountain highways;

(5) Fifty-five miles per hour on highways for which a higher speed was authorized prior to January 24, 1974 and for which a lower speed has not been authorized pursuant to section 4–2 herein.

(6) Any speed not in excess of a posted speed limit as established pursuant to the provisions of section 4–2 or section 4–3.

(c) Unless otherwise declared by ordinance adopting this Code and so permitted by law, any speed in excess of said limits in subsection (b) of this section shall be prima facie evidence that the speed is not reasonable or prudent and that it is unlawful, except that any and all fifty-five mile per hour speed limits shall be considered maximum lawful speed limits and not prima facie speed limits."