The PEOPLE of the State of Colorado, Plaintiff–Appellant,

v.

Roger Steven THARP, Defendant–Appellee.

No. 85SA472.

Supreme Court of Colorado, En Banc.

Dec. 7, 1987.

Rehearing Denied Jan. 11, 1988.

Stuart A. VanMeveren, Dist. Atty., Randall R. Meyers, Deputy Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Fort Collins, for plaintiff-appellant.

Ronald C. Tucker, Denver, for defendant-appellee.

ROVIRA, Justice.

Pursuant to section 16-12-102(1), 8A C.R.S. (1986), the People request us to reverse certain pretrial rulings of the District Court of Larimer County which excluded evidence the People wished to offer at the trial of the defendant, Roger Steven Tharp, for sexual assault on a child. Since this appeal raises issues concerning the admission of evidence in a fact specific situation and because consideration and ruling on these issues would be of no significant precedential value, we dismiss this appeal.

I.

An information was filed charging the defendant with sexual assault on a 3-year-old child, a class 3 felony, under section 18-3-405, 8B C.R.S. (1986). A preliminary hearing was held on July 29, 1985, at which probable cause was found. The defendant was arraigned and pleaded not guilty.

Subsequently, the People moved for an order directing the taking of a videotape deposition of Christy, the alleged victim, pursuant to section 18-3-413, 8B C.R.S. (1986).[1] In addition, the People also moved in limine that the statements of Christy, made to her mother, Charlotte Williams, Thomas Reznik, Michael Kehl, and Joan Hopkins, be admitted into evidence pursuant to section 13-25-129, 6A C.R.S. (1987).[2]

In its ruling on the latter motion, the court stated it was prepared to admit the hearsay statements of Christy's mother, Charlotte Williams, Thomas Reznik, and Michael Kehl on the basis of the excited utterance exception to the hearsay rule, C.R.E. 803(2). The court relied on the hearsay rule exception because of concerns that corroborative evidence did not exist to admit the statements under the statute, section 13-25-129.

The court also ruled that the statements Christy made to her counselor, Joan Hopkins, could not be admitted into evidence under either the statute or the hearsay exception. The court noted that the initial statements Christy made to Hopkins, seven days after the alleged assault—to say nothing of the statements made months after the assault in counseling sessions to prepare Christy for the upcoming legal proceedings—reflected much more the effect of previous conversations with the other witnesses than any spontaneous or excited outburst which carried with it sufficient safeguards of reliability to be admitted into

1. Section 18-3-413, 8B C.R.S. (1986), provides in relevant part:

   **Video tape depositions—children—victims of sexual offenses.** (1) When a defendant has been charged with an unlawful sexual offense, as defined in section 18-3-411(1), and when the victim at the time of the commission of the act is a child less than 15 years of age, the prosecution may apply to the court for an order that a deposition be taken of the victim's testimony and that the deposition be recorded and preserved on video tape.

   . . . .

   (3) Upon timely receipt of the application, the court shall make a preliminary finding regarding whether, at the time of trial, the victim is likely to be medically unavailable or otherwise unavailable within the meaning of Rule 804(a) of the Colorado Rules of Evidence. Such findings shall be based on, but not limited to, recommendations from the child's therapist or any other person having direct contact with the child, whose recommendations are based on specific behavioral indicators exhibited by the child. If the court so finds, it shall order that the deposition be taken, pursuant to Rule 15(d) of the Colorado Rules of Criminal Procedure, and preserved on video tape. . . .

2. Section 13-25-129, 6A C.R.S. (1987), provides in relevant part:

   **Statements of child victim of unlawful sexual offense against a child or of child abuse—hearsay exception.** (1) An out-of-court statement made by a child . . . describing any act of sexual conduct, intrusion, or penetration . . . performed with, by, on, or in the presence of the child declarant, not otherwise admissible by a statute or court rule which provides any exception to the objection of hearsay, is admissible in evidence in any criminal . . . proceedings in which a child is a victim of an unlawful sexual offense, as defined in section 18-3-411(1), C.R.S. . . . if: (a) the court finds in a hearing conducted outside the presence of the jury that the time, content, and circumstances of the statement provides sufficient safeguards of reliability; and (b) the child either: (I) testifies at the proceedings; or (II) is unavailable as a witness and there is corroborative evidence of the act which is the subject of the statement.

evidence. Moreover, in light of the allowable testimony of the four other witnesses, which supported the People's case against the defendant, the court felt that Hopkins' account raised the dangers of cumulative testimony.

Because the parties had stipulated that the child was not competent to testify because of her age, the court also ruled that since the videotaped testimony of an incompetent witness would be inadmissible at trial, it would not order a videotape deposition of the child.

On the first day of the defendant's trial, all parties appeared in court. The People stated that they were unable to proceed in light of the court's rulings, but did not ask for a continuance. The court then ordered the case against the defendant dismissed. The People did not object to the dismissal.

On appeal the People request this court to "reverse the district court's improper rulings which excluded material evidence and remand the case with directions to reinstate count one of the information and proceed to trial."

## II.

Appeals by the prosecution are strictly limited by law. Section 16–12–102(1), 8A C.R.S. (1986), sets out these limited conditions as follows:

> **Appeals by the prosecution.** (1) The prosecution may appeal any decision of the trial court in a criminal case upon any question of law.... Nothing in this section shall authorize placing the defendant in jeopardy a second time for the same offense.

We have consistently held that the prosecution will be limited in its appeals under this section to "only questions of law." *People v. Chmielewski,* 187 Colo. 268, 269, 529 P.2d 1337, 1338 (1975) (interpreting ch. 44, sec. 1, § 39–12–102, 1972 Colo.Sess. Laws 190, 253, a predecessor of the current section 16–12–102(1)). *See also People v. Ledesma,* 171 Colo. 407, 410, 468 P.2d 27, 28 (1970) (in writ of error proceeding brought by the district attorney seeking review of dismissal of criminal charges by the trial court, we stated that we can consider "only questions of *law* ...") (emphasis in original).

■ Moreover, we have not hesitated to affirm trial court rulings in cases where the prosecution's time and efforts are spent pursuing appeals with little precedential value. This is especially so where the controversy was settled before the appeal by virtue of the bar against double jeopardy, and, therefore, review of evidentiary questions by the appellate court in a unique set of circumstances would shed no light on broader legal issues. *People v. Kirkland,* 174 Colo. 362, 364, 483 P.2d 1349, 1351 (1971). *See also People v. Poole,* 192 Colo. 56, 555 P.2d 980 (1976) (where trial judge made findings and conclusions based on specific factual situation, review of the suppression order raises no issue of precedential value). For these reasons, appeals by the People should be avoided in cases which do not involve egregious errors by the trial court. *People v. Samora,* 188 Colo. 74, 76, 532 P.2d 946, 948 (1975).

■ Above all, the purpose of appeals is to correct errors injuriously affecting the rights of some party to the litigation. *Miller v. Reeder,* 157 Colo. 134, 136, 401 P.2d 604, 605 (1965). In the instant case, the failure of the People to object to the trial court's dismissal of the charges against the defendant, or in the alternative, to seek a continuance of the trial, suggests any errors on the part of the trial court might not have been very injurious to the People.

An appeal which asks this court to review rulings of the district court on the introduction of certain testimony has little precedential value. Since this appeal merely raises factual and evidentiary questions well within the discretion of the district court, we conclude that this appeal must be dismissed.

ERICKSON, J., concurs in the result only.

KIRSHBAUM and VOLLACK, JJ., join in the special concurrence.

ERICKSON, Justice, specially concurring in the result:

I concur in the result only. This is not an interlocutory appeal pursuant to C.A.R. 4.1 or an original proceeding authorized by C.A.R. 21. This appeal was taken pursuant to section 16–12–102(1), 8A C.R.S. (1986), which permits the prosecution to appeal a question of law in a criminal case. In *People v. Chmielewski,* 187 Colo. 268, 529 P.2d 1337 (1975), a per curiam opinion, we dismissed the appeal and said:

> Not a single question of law is raised by the brief for the People. The action of the court was grounded on a finding of insufficient identity of goods allegedly the subject of a theft charge against the defendant. The prosecution would have us review this ruling in spite of [§ 16–12–102, 8A C.R.S. (1986)], which permits the prosecution to appeal on only questions of law.

The majority opinion outlines the evidentiary issues which, in my view, are not reviewable under section 16–12–102, 8A C.R.S. (1986), and which have no precedential value. In *People v. Poole,* 192 Colo. 56, 555 P.2d 980 (1976), we dismissed a similar appeal that was made after the prosecutor failed to seek review of a suppression order under C.A.R. 4.1 because the opinion would have been without precedential value.

Accordingly, I concur in the result.

I am authorized to say that Justice KIRSHBAUM and Justice VOLLACK join in this special concurrence.