**The PEOPLE of the State of Colorado, Plaintiff–Appellant,**

v.

**Keith Renee JACKSON, Defendant–Appellee.**

**No. 97CA1332.**

Colorado Court of Appeals, Div. II.

Aug. 20, 1998.

Rehearing Denied Oct. 29, 1998.

Certiorari Denied March 15, 1999.

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. 1997.

Robert S. Grant, District Attorney, Michael J. Milne, Senior Deputy District Attorney, Brighton, Colorado, for Plaintiff–Appellant

David F. Vela, Colorado State Public Defender, John T. Carlson, Deputy State Public

Defender, Denver, Colorado, for Defendant–Appellee

Opinion by Judge STERNBERG.*

The People appeal the trial court's order granting the motion of defendant, Keith Renee Jackson, for judgment of acquittal. We disapprove the judgment.

The defendant was charged with attempted second degree sexual assault. At the close of the People's case, defendant moved for judgment of acquittal. The trial court determined that the People would need to present evidence of attempted penetration in order to prove the crime of attempted second degree sexual assault. Because the trial court found no evidence in the record that the defendant engaged in a substantial step toward penetration, it granted defendant's motion. This appeal followed.

## I.

■ First, we address the issues raised by the defendant.

Defendant argues that, because jeopardy has attached and he cannot be retried, there is no legitimate purpose served by the appeal, and therefore, the appeal should be dismissed. We agree that jeopardy has attached but we conclude, based on the language of C.A.R. 4(b)(2), as amended in 1988, that the appeal should not be dismissed.

## A.

■ A defendant in a criminal case has been put in jeopardy within the meaning of the Colorado double jeopardy clause: (1) when he has been indicted or informed against and has pled not guilty; and (2) the trial proceeds before a court with competent jurisdiction or a jury has been impaneled and sworn. *People v. Paulsen*, 198 Colo. 458, 601 P.2d 634 (1979). Jeopardy attaches when the defendant is "present at a judicial proceeding aimed at reaching a final determination of his guilt or innocence." *People v. King*, 181 Colo. 439, 445, 510 P.2d 333, 336 (1973). When jeopardy has thus attached and a judgment of acquittal has been granted at the

defendant's request following the close of the prosecution's case, the defendant cannot be tried again on the same charge. *People v. Paulsen, supra.*

Here, the above-described conditions were met, and thus, jeopardy has attached and defendant cannot be tried again on the same charge.

## B.

Nonetheless, contrary to defendant's argument, C.A.R. 4(b)(2) requires us to consider the appeal and issue a written decision.

C.A.R. 4(b)(2) provides:

Unless otherwise provided by statute or Colorado appellate rule, when an appeal by the state or the people is authorized by statute, the notice of appeal shall be filed in the Court of Appeals within forty-five days after the entry of judgment or order appealed from. *The Court of Appeals, after consideration of said appeal, shall issue a written decision answering the issues in the case and shall not dismiss the appeal as without precedential value.* The final decision of the Court of Appeals is subject to petition for certiorari to the Supreme Court. (emphasis added)

■ In construing C.A.R. 4(b)(2), we employ the same rules of interpretation applicable to statutory construction. Thus, we look first to the language of the rule itself, and if the rule is plain and unambiguous, we apply the rule as written. *People v. Fuqua*, 764 P.2d 56 (Colo.1988). The use of the word "shall" is presumed to connote a mandatory meaning. *Gerrity Oil & Gas Corp. v. Magness*, 923 P.2d 261 (Colo.App.1995).

■ The language of C.A.R. 4(b)(2) is plain and unambiguous and dictates that if an appeal by the People is authorized by statute, this court must issue a written decision. Hence, cases such as *People v. Tharp*, 746 P.2d 1337 (Colo.1987), which were decided prior to the 1988 change in C.A.R. 4(b)(2), are no longer applicable to this court. Because the People are authorized by § 16–12–102(1), C.R.S.1997, to appeal any decision of the trial court in a criminal case upon any question of law, and this case pertains to a

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3), and § 24–51–1105, C.R.S.1997.

question of law, we are required to issue a written decision. C.A.R. 4(b)(2).

## II.

■ The People contend that the trial court erred as a matter of law in granting defendant's motion for judgment of acquittal. More specifically, they argue that the trial court erred in concluding that the People were required to establish attempted penetration in order to prove the crime of attempted second degree sexual assault. We agree.

■ To determine the merits of a motion for judgment of acquittal, the relevant evidence must be viewed as a whole and in the light most favorable to the prosecution. Thus viewed, if it is substantial and sufficient to support a conclusion by a reasonable person that the defendant is guilty of the crime charged beyond a reasonable doubt, the motion must be denied. *People v. Gonzales,* 666 P.2d 123 (Colo.1983).

■ However, in ruling on a motion for judgment of acquittal, a trial court should not determine the credibility of the witnesses or the weight to be given to various segments of the evidence. *People v. Downer,* 192 Colo. 264, 557 P.2d 835 (1976).

The crime of second degree sexual assault, as charged in this case, required the defendant knowingly to inflict sexual penetration on the victim and to cause submission of the victim to sexual penetration by means of sufficient consequence reasonably calculated to cause submission against the victim's will. Section 18–3–403(1)(a), C.R.S.1997.

Criminal attempt is defined, in pertinent part, as:

A person commits criminal attempt if, acting with the kind of culpability otherwise required for commission of an offense, he engages in conduct constituting a substantial step toward the commission of the offense. A substantial step is any conduct, whether act, omission, or possession, which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense....

Section 18–2–101(1), C.R.S.1997.

■ An attempt merely requires some overt act beyond preparation. The overt act,

however, need not be the last proximate act necessary to complete the offense. *People v. Young,* 694 P.2d 841 (Colo.1985).

At trial in this case, the People presented evidence that the victim went to the defendant's home with her 13–year–old daughter; the victim entered the bathroom; the defendant followed the victim and shoved her onto the floor; the defendant then attempted to pull down the victim's shorts; the victim was screaming "no" or "stop"; the defendant stated that he was "going to get it from you anyway"; the daughter heard her mother's screams, kicked in the bathroom door, and hit and bit the defendant; and the victim and her daughter escaped.

From this evidence, a fact finder could conclude beyond a reasonable doubt that defendant engaged in conduct that represented a substantial step towards second degree sexual assault. Hence, we disapprove of the trial court's granting the judgment of acquittal.

The judgment is disapproved.

CRISWELL and KIRSHBAUM *, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const. art. VI, Sec. 5(3),
and § 24–51–1105, C.R.S.1997.