The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Lewis Burton RIDGEWAY,
Defendant–appellant.

Court of Appeals No. 11CA1077

Colorado Court of Appeals,
Div. VI.

Announced February 28, 2013

Rehearing Denied April 4, 2013

John W. Suthers, Attorney General, Michael D. McMaster, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Britta Kruse, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by JUDGE DUNN

¶ 1 Defendant, Lewis Burton Ridgeway, appeals the judgment of conviction entered on a jury verdict finding him guilty of possession of burglary tools. We conclude that the elemental instruction submitted to the jury on possession of burglary tools omitted the intent element of the crime. Because the instructional error was not harmless beyond a reasonable doubt, we reverse the judgment of conviction and remand for a new trial.

## I. Background

¶ 2 In the early morning hours of February 3, 2010, a check cashing business was burglarized. Among the items taken in the burglary were cash, a cash register drawer, and a light used to detect counterfeit money.

¶ 3 Several hours later, a police officer pulled over a Jeep that was weaving and that turned without signaling. The officer approached the vehicle and asked the driver and the passenger for identification. Ridgeway was in the passenger seat. The officer called for backup after Ridgeway gave him a false name and appeared to be concealing an object. When the second officer arrived, Ridgeway was asked to exit the Jeep. When he did so, the second officer saw a gun on the passenger seat where Ridgeway had been sitting.

¶ 4 The officers took Ridgeway into custody and searched him for weapons. During the search, they found a compact radio, a mirror, a pocketknife, and a headlamp. The officers then searched the Jeep and discovered a cash register drawer, a light used to detect counterfeit bills, bandanas, a crowbar, a second radio, two masks, and two sets of gloves. It was later confirmed that the cash register drawer and counterfeit money detector both came from the check cashing business burglarized earlier that morning.

¶ 5 When questioned by an officer, Ridgeway stated, "It doesn't matter what I tell you about tonight. There is a car full of burglary tools, there's a goddamn gun, it is not mine. Run the blanking number." He also told the officer that one of the sets of gloves and masks belonged to him, and that the other belonged to the driver of the Jeep, T.R. Ridgeway was charged with, among other things, second degree burglary, theft of less than $500, and possession of burglary tools.

¶ 6 At trial, T.R. testified that he and Ridgeway broke into the check cashing business and took various items from the business, including a cash register drawer. The jury acquitted Ridgeway of the burglary and theft charges, but convicted him of possession of burglary tools.

¶ 7 Ridgeway argues that the trial court failed to properly instruct the jury regarding the elements of the crime of possession of burglary tools. We agree and reverse.

## II. Standard of Review

¶ 8 Initially, the parties dispute the proper standard of review. Ridgeway argues that the proper standard is constitutional harmless error. The People contend we should review only for plain error.

¶ 9 Where a defendant properly preserves an objection to an elemental jury instruction, the instruction is subject to constitutional harmless error analysis. *Griego v.*

*People,* 19 P.3d 1, 8 (Colo.2001). If no objection is made, we review for plain error. *Id.;* *see also People v. Miller,* 113 P.3d 743, 751 (Colo.2005) ("When there is no objection to [an] instructional omission, the court will review the error under a plain error standard of review.").

■ ¶ 10 We disagree with the People's contention that Ridgeway did not preserve the instructional error for review. Ridgeway tendered an alternative instruction which included the intent element. The trial court reviewed and rejected the proposed instruction. By presenting his proposed elemental instruction, Ridgeway preserved the instructional error for review. *Thomas v. People,* 820 P.2d 656, 659 (Colo.1991) (to preserve an instructional error, a defendant must "make a timely, specific objection to a jury instruction or ... tender an alternative instruction that more accurately states the law"); *People v. Pahl,* 169 P.3d 169, 183 (Colo.App.2006) (tendering an alternative instruction is sufficient to preserve instructional error for appeal); *cf. People v. Williams,* 899 P.2d 306, 311 (Colo.App. 1995) (error not preserved where defendant did not object to jury instructions or propose alternative instructions).

■ ¶ 11 We therefore review for constitutional harmless error. *See Griego,* 19 P.3d at 8. Under this standard of review, "we reverse if 'there is a reasonable possibility that the [error] might have contributed to the conviction.'" *Hagos v. People,* 2012 CO 63, ¶11, 288 P.3d 116 (quoting *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)). If an error is shown, the burden falls on the People to disprove prejudice. *Id.; People v. Harris,* 43 P.3d 221, 230 (Colo. 2002).

### III. Applicable Law

■ ¶ 12 A criminal defendant has a constitutional right to have the People prove every element of a charged crime beyond a reasonable doubt. *Harris,* 43 P.3d at 230. To preserve this constitutional right, a trial court must properly instruct the jury on every element of a crime. *Griego,* 19 P.3d at 8. "We review jury instructions de novo to determine whether [they] as a whole accurately informed the jury of the governing law." *People v. Arzabala,* 2012 COA 99, ¶43, —— P.3d ——, 2012 WL 2353784.

### IV. Possession of Burglary Tools

■ ¶ 13 The crime of possession of burglary tools is not a strict liability offense. Conviction requires proof of both an act and a mental state. *See People v. Chastain,* 733 P.2d 1206, 1211 (Colo.1987). Specifically, to commit possession of burglary tools, a person must possess some article "adapted, designed, or commonly used for committing or facilitating the commission of an offense involving forcible entry into premises or theft by a physical taking." § 18–4–205(1), C.R.S. 2012. The person must also "intend[ ] to use the thing possessed ... in the commission of such an offense." *Id.*

■ ¶ 14 In rejecting a constitutional overbreadth challenge to this statute, the supreme court concluded that a defendant may only be convicted of possession of burglary tools if the defendant not only possessed a burglary tool, but also "had the burglarious intent, or knowledge of another's burglarious intent, to use the burglary tool." *Chastain,* 733 P.2d at 1211. The court further concluded that innocent possession of tools that could be used in a burglary but without the intent to do so "is simply not the type of conduct prohibited by the statute, and the statute cannot be read to criminalize such conduct." *Id.; see also People v. Gurule,* 924 P.2d 1164, 1167 (Colo.App.1996) ("Mere possession of an item does not implicate the [possession of burglary tools] statute."). Consequently, to convict a defendant for possession of burglary tools, a jury must find beyond a reasonable doubt both that the defendant possessed burglary tools and that he or she had the intent to use them to commit a burglary. *Chastain,* 733 P.2d at 1211; *Gurule,* 924 P.2d at 1167

#### A. The Jury Instruction

¶ 15 Before trial, Ridgeway tendered the following proposed jury instruction to the trial court:

The elements of the crime of possession of burglary tools are:

1. That the defendant

2. in the State of Colorado, at or about the date and place charged

3. possessed

4. any explosive, tool, instrument, or other article, namely: crowbars, gloves, masks, and bandanas, which were

5. adapted, designed or commonly used for committing or facilitating the commission of

6. an offense involving forcible entry into premises or theft by a physical taking,

7. with intent to use the thing possessed or with knowledge that another intended to use the thing possessed in the commission of such an offense.

¶ 16 This instruction largely tracked the language of section 18–4–205(1). The trial court rejected the proposed instruction and, instead, instructed the jury as follows:

The elements of the crime of Possession of Burglary Tools are:

1. That the defendant

2. in the State of Colorado, at or about the date and place charged,

3. possessed

4. any tool, instrument, or article which was,

5. adapted, designed, or commonly used for committing

6. an offense involving forcible entry into premises,

7. with intent to use the thing possessed.

■ ¶ 17 Pointing to element seven, Ridgeway argues that the trial court erred by omitting the requirement that the jury must find that he possessed the tools "with intent to use the thing possessed ... in the commission of such an offense," which was included in his tendered instruction. He contends that under the court's instruction, the jury could decide guilt based on the possession of burglary tools with "intent to use" them for any purpose – including an innocuous one. We agree.

¶ 18 As instructed, the jury was only required to find that Ridgeway had the "intent to use" the tools for *some purpose,* whether it be for the commission of a burglary or for some other, innocent purpose. Nothing in the instruction required the jury to find that

Ridgeway possessed a burglary tool with "an intent to [use it to] commit a burglary or theft by a physical taking." *Gurule,* 924 P.2d at 1167; *see Chastain,* 733 P.2d at 1211.

¶ 19 Because the jury instruction did not include all of the statutory elements of possession of burglary tools, it did not correctly inform the jury of the law. *See Gurule,* 924 P.2d at 1167 ("The possession of a designed, adapted, or commonly used tool or other article must be accompanied by an intent to commit a burglary or theft by physical taking.") (citing *Chastain,* 733 P.2d at 1210–11). Therefore, the jury instruction was constitutionally deficient.

### B. Constitutional Harmless Error

¶ 20 As we have concluded that the omission of the intent element for the crime of possession of burglary tools was erroneous, the question remains whether the error was harmless beyond a reasonable doubt. *Griego,* 19 P.3d at 8.

■ ¶ 21 The People assert that the instructional error was harmless because (1) the error was cured by the instruction, considered as a whole; (2) intent was not at issue during the trial; and (3) the evidence of defendant's guilt was overwhelming. We are not persuaded.

#### 1. The Instruction as a Whole

¶ 22 The People argue that any instructional error was harmless because "a fair and commonsense reading" of the instruction, considered as a whole, provided the jury with a correct understanding of the law. They assert that this case is therefore similar to *People v. Johnson,* 74 P.3d 349, 354 (Colo. App.2002). We disagree.

¶ 23 In *Johnson,* a division of this court concluded that, though one of the instructions failed to include the intent element of the offense, a separate instruction rectified the omission and informed the jury that, to be guilty of first degree murder, a person must act with intent to kill and after deliberation. *Id.*

¶ 24 Here, by contrast, there was not a separate instruction that informed the jury

that to convict him of possession of burglary tools, it must find beyond a reasonable doubt that Ridgeway intended to use the burglary tools for the purpose of committing a burglary. Thus, *Johnson* does is inapposite.

¶ 25 The People next suggest that because the instruction's title contained the term "burglary," that reference clarifies the intent element. But the title also includes the term "possession." The title itself gives no guidance on whether a defendant needs to have any intent to use the tools for a criminal purpose, again raising the concern that Ridgeway was convicted solely for possessing tools that could be used in a burglary. Possession without intent, however, is not criminal. *Chastain*, 733 P.2d at 1211; *Gurule*, 924 P.2d at 1167.

¶ 26 Nor do we agree with the People's contention that the rest of the instruction clarifies the intent element. Although element six of the instruction uses the language, "offense involving forcible entry into premises," this particular element refers to what the tool, instrument, or article is "adapted, designed, or commonly used for committing." It does not, as the People assert, refer to the required intent element. Thus, a reasonable juror could read the instruction to allow conviction for possession of tools with the intent to use the tools either for a burglary, or with the intent to use the tools for some other, legitimate purpose.

¶ 27 Similarly, we are not persuaded by the People's contentions that the prosecutor's comments during closing argument and the fact that the original information was read to the jurors before the jury was empaneled cured the omission in the elemental jury instruction. Neither the prosecutor's comments, which only vaguely referenced the required intent, nor the fact that information was read to the prospective jurors—long before deliberations began—was sufficient to inform the jury of the requirement that it find, beyond a reasonable doubt, that Ridgeway intended to use the tools in a burglary. Even assuming the jurors recalled the information, they were instructed to reach their verdict based on the evidence presented at trial and the court's instructions. We presume that the jurors followed this instruction and applied the instructions to the evidence presented. *See, e.g., People v. McKeel*, 246 P.3d 638, 641 (Colo.2010) ("We presume that jurors follow the instructions that they receive.").

## 2. Issue of Intent

¶ 28 Contrary to the People's assertion, we conclude that Ridgeway's intent was at issue during the trial. The prosecution argued in its closing that Ridgeway drove to the check cashing business with T.R. and that the two burglarized it, leaving in T.R.'s Jeep. Ridgeway contended that he had not participated in the burglary. He claimed that he had asked T.R. for a ride from a McDonald's after the burglary occurred, and T.R. obliged. Therefore, he argued that he was only coincidentally in the truck with the tools. Ridgeway's defense to the possession charge thus relied on the premise that, if he possessed burglary tools, he had no intent to use them in the commission of a burglary. *Compare People v. Peoples*, 8 P.3d 577, 579–80 (Colo.App.2000) (error not harmless where the omitted portion of an instruction referenced an issue that was "vigorously contested" at trial), with *People v. Geisendorfer*, 991 P.2d 308, 312 (Colo.App.1999) (omission in elemental instruction was harmless where element omitted was not contested by defendant at trial and no reasonable jury could have determined element was not proven).

¶ 29 Given that the jury acquitted Ridgeway of the burglary and theft charges, it is reasonable to conclude that the jury did not credit T.R.'s testimony that he and Ridgeway committed the burglary and theft together. The acquittal suggests that at least one juror accepted Ridgeway's defense theory that he was only circumstantially present in the Jeep and did not participate in the burglary.

¶ 30 Further, because there is no evidence in the record that T.R. and Ridgeway were contemplating another burglary, the jury's acquittal of Ridgeway on the burglary charge supports the conclusion that the jury convicted Ridgeway of possession of burglary tools without finding that he also had the intent to commit a burglary.

### 3. Evidence of Guilt

¶ 31 The People also argue that any instructional error was harmless because the evidence of Ridgeway's guilt was overwhelming. In support of this argument, they rely on (1) Ridgeway's statements to police, (2) the fact that he was observed with a gun and gave a police officer a false name when he was arrested, and (3) his proximity to the burglary tools, the cash drawer, and the counterfeit money detector light in the Jeep. However, Ridgeway's statements and the false name that he gave police were not a specific admission of guilt. Further, the rest of the listed evidence was consistent with Ridgeway's theory of defense.

¶ 32 T.R., the only witness to the burglary who testified against Ridgeway, had dubious credibility. T.R. testified that he received a favorable plea bargain for testifying against Ridgeway, and that he had prior felony convictions for burglary, criminal trespass, escape, and check forgery. He also told a detective two different stories about what had happened, both of which diverged from his testimony at trial. He further admitted that he had originally lied to the detective when questioned about the burglary.

¶ 33 The jury's verdict shows that it did not credit T.R.'s testimony. Thus, we do not agree that there was overwhelming evidence of Ridgeway's guilt.

### 4. Conclusion

¶ 34 Due to the instruction's omission of the intent element of the crime, there is a reasonable possibility that the jury convicted Ridgeway for possession of tools that were "adapted, designed, or commonly used for committing" burglary, without any finding that he intended to use the tools in a burglary. The instructions, considered as a whole, did not correct the deficiency, the issue of Ridgeway's intent was contested at trial, and the evidence of Ridgeway's guilt was not overwhelming. *See Peoples*, 8 P.3d at 579–80 (reversal required under constitutional harmless error standard where jury instruction omitted an element, the issue was contested at trial, and the instructions, considered as a whole, failed to inform the jury of the missing element). Accordingly, we cannot say beyond a reasonable doubt that the error was harmless, and we therefore reverse.

### IV. Variance

¶ 35 Ridgeway also argues, for the first time on appeal, that he suffered a prejudicial variance between the charging documents and the evidence and argument presented by the prosecution at trial. We decline to address this issue, because it is unlikely to arise on remand. *See People v. DeWitt*, 275 P.3d 728, 737 (Colo.App.2011) (declining to address issue that was unlikely to arise on remand).

¶ 36 The judgment of conviction is reversed and the case is remanded for a new trial.

Judge LOEB and Judge GABRIEL concur.