2021 CO 81M In Re: Plaintiff: The People of the State of Colorado, v. Kevin Wayne Viburg. Defendant No. 21SA153
Supreme Court of Colorado, En Banc
January 10, 2022
 
 
 December 20, 2021
 
 
 1
 
 
 
 Original Proceeding Pursuant to C.A.R. 21 Jefferson County
 District Court Case No. 16CR1633 Honorable Philip J. McNulty,
 Judge
 
 
 Opinion
 modified, and as modified, petition for rehearing DENIED.
 
 
 
 Attorneys for Plaintiff: Alexis King, District Attorney,
 First Judicial District Colleen R. Lamb, Appellate Deputy
 District Attorney Golden, Colorado
 
 
 
 Attorneys for Defendant: Megan A. Ring, Public Defender
 Meredith O'Harris, Deputy Public Defender Denver,
 Colorado
 
 
 
 OPINION
 
 
 
 BOATRIGHT CHIEF JUSTICE
 
 
 2
 
 
 ¶1
 In Linnebur v. People, 2020 CO 79M, ¶ 2, 476
 P.3d 734, 735, we held that prior convictions are an element
 of the crime of felony driving under the influence
 ("DUI"), meaning they "must be proved to the
 jury beyond a reasonable doubt." We thus reversed the
 defendant's conviction for felony driving while ability
 impaired ("DWAI") (a lesser included offense of
 felony DUI), and we stated that the trial court could
 resentence him to misdemeanor DWAI on remand if it wished.
 Id. at ¶ 32, 476 P.3d at 741. But we left open
 the question of whether double jeopardy barred retrial of the
 felony DUI charge. Id.
 
 
 ¶2
 In this case, we are confronted directly with that unanswered
 question. We now hold that double jeopardy does not bar
 retrial because the defendant was not previously acquitted of
 felony DUI. Hence, we discharge our rule to show cause and
 remand to the trial court for further proceedings.
 
 
 I.
 Facts and Procedural History
 
 
 ¶3
 The People charged Kevin Wayne Viburg with driving under the
 influence with three or more prior alcohol-related traffic
 offenses-i.e., felony DUI. See §
 42-4-1301(1)(a), C.R.S. (2021) (providing that DUI is a
 misdemeanor, "but it is a class 4 felony if the
 violation occurred after three or more prior convictions,
 arising out of separate and distinct criminal episodes,"
 for various alcohol-related traffic offenses). Prior to
 trial, Viburg moved to treat his prior convictions as an
 element of the crime, which would require the jury to find
 them beyond a reasonable
 
 
 3
 
 
 doubt. The court denied the motion, ruling that Viburg's
 prior convictions were a sentence enhancer that need only be
 proved by a preponderance of the evidence at a hearing after
 a trial on the merits. As a result, evidence of his prior
 convictions was not introduced to the jury; instead, at
 trial, the court instructed the jury only on the elements of
 misdemeanor DUI. The jury then found Viburg guilty of
 misdemeanor DUI. Subsequently, at a post-conviction hearing,
 the trial court found by a preponderance of the evidence that
 Viburg had three prior alcohol-related traffic offenses, and
 it entered a conviction for felony DUI.
 
 
 ¶4
 On direct appeal, a division of the court of appeals
 reversed. People v. Viburg, 2020 COA 8M, ¶ 1,
 477 P.3d 746, 747-48. The division held that prior
 convictions are an element of felony DUI, meaning they must
 be presented to the jury and proved beyond a reasonable
 doubt. Id. The division further stated that if the
 prosecution sought retrial and Viburg raised a double
 jeopardy defense, the trial court must rule on the defense;
 it declined to express an opinion on the merits of the
 defense. Id. at ¶ 32, 477 P.3d at 752.
 
 
 ¶5
 The People sought certiorari review, asking us to determine
 whether prior convictions were a sentence enhancer or an
 element of the offense. While the People's petition was
 pending, we issued our opinion in Linnebur, which
 mirrored the Viburg division's analysis deeming
 prior convictions to be an element of felony DUI.
 Linnebur, ¶ 2, 476 P.3d at 735. However, we too
 declined to address the
 
 
 4
 
 
 merits of any double jeopardy defense that might arise on
 remand. Id. at ¶ 32, 476 P.3d at 741 ("If,
 in lieu of resentencing, the prosecution seeks retrial of the
 felony DUI charge and [the defendant] raises a double
 jeopardy defense, the trial court must rule on that
 defense."). We then denied the People's petition for
 certiorari in Viburg's case.
 
 
 ¶6
 On remand, the People sought to retry Viburg for felony DUI.
 Viburg moved to dismiss the felony DUI charge and asked that
 the court resentence him for misdemeanor DUI. Specifically,
 he argued that double jeopardy principles barred the People
 from retrying him for felony DUI because (1) he was already
 convicted of misdemeanor DUI, which is a lesser included
 offense of felony DUI; (2) the prosecution failed to produce
 evidence of the prior convictions in the first proceeding;
 and (3) he had already been tried by one jury and could not
 be tried for one count by two different juries. Viburg
 further contended that retrial violated Colorado's
 mandatory joinder statute and that a successive trial would
 violate his rights to due process and a jury trial.
 
 
 ¶7
 The trial court denied Viburg's motion. The court
 concluded that retrial would not violate double jeopardy
 because the prior guilty verdict for felony DUI had been set
 aside on appeal. The court also rejected Viburg's due
 process and joinder arguments.
 
 
 ¶8
 Viburg sought relief under C.A.R. 21, and we issued a rule to
 show cause.
 
 
 5
 
 
 II.
 Original Jurisdiction
 
 
 ¶9
 We exercise original jurisdiction and grant relief under
 C.A.R. 21 only when "no other adequate remedy . . . is
 available." C.A.R. 21(a)(1). We deem such relief
 appropriate, for example, "when an appellate remedy
 would be inadequate, when a party may otherwise suffer
 irreparable harm, [or] when a petition raises issues of
 significant public importance that we have not yet
 considered." People v. Huckabay, 2020 CO 42,
 ¶ 9, 463 P.3d 283, 285 (alteration in original) (quoting
 People v. Kilgore, 2020 CO 6, ¶ 8, 455 P.3d
 746, 748). Indeed, C.A.R. 21 provides relief that is
 "extraordinary in nature" and "wholly within
 [this court's] discretion." C.A.R. 21(a)(1).
 
 
 ¶10
 The issue in this case-whether double jeopardy and due
 process preclude a defendant's retrial when their felony
 DUI conviction was reversed on direct appeal-constitutes a
 question of significant public importance because (1) it
 results from a recent decision from this court that clarified
 how evidence of prior convictions must be treated, (2) it
 affects a substantial number of cases, and (3) it implicates
 the constitutional right against double jeopardy.
 
 
 ¶11
 We now consider the petition on its merits.
 
 
 III.
 Analysis
 
 
 ¶12
 We first determine that the de novo standard of review
 applies. Then, after reviewing double jeopardy jurisprudence,
 we discuss each of Viburg's claims in
 
 
 6
 
 
 turn. We first hold that double jeopardy does not bar retrial
 because Viburg was not previously acquitted of felony DUI. We
 next conclude that retrial does not violate Viburg's due
 process rights. Finally, we reject Viburg's assertion
 that retrial violates Colorado's mandatory joinder
 statute. Accordingly, we discharge our rule to show cause and
 remand to the trial court for further proceedings.
 
 
 A.
 Standard of Review
 
 
 ¶13
 We review constitutional challenges to sentencing
 determinations de novo. People v. Johnson, 2015 CO
 70, ¶ 9, 363 P.3d 169, 174; Lopez v. People,
 113 P.3d 713, 720 (Colo. 2005).
 
 
 B.
 Double Jeopardy
 
 
 ¶14
 The Double Jeopardy Clause of the United States Constitution
 protects individuals from being "twice put in jeopardy
 of life or limb." U.S. Const. amend. V. The Colorado
 Constitution provides the same protection. See Colo.
 Const. art II., § 18 ("No person shall . . . be
 twice put in jeopardy for the same offense.");
 People v. Simon, 266 P.3d 1099, 1109 n.10 (Colo.
 2011) ("We have previously adopted U.S. Supreme Court
 double jeopardy jurisprudence as the correct interpretation
 of Colorado's constitutional provision."). The
 deeply ingrained purpose of double jeopardy is to prevent
 "the State with all its resources and power" from
 repeatedly attempting to convict a defendant, thus
 "subjecting [the defendant] to embarrassment, expense
 and ordeal and compelling him to live
 
 
 7
 
 
 in a continuing state of anxiety and insecurity."
 United States v. Scott, 437 U.S. 82, 87 (1978).
 
 
 ¶15
 The Double Jeopardy Clause protects the accused against (1)
 "a second prosecution for the same offense after
 acquittal," (2) "a second prosecution for the same
 offense after conviction," and (3) "multiple
 punishments for the same offense." Brown v.
 Ohio, 432 U.S. 161, 165 (1977) (quoting North
 Carolina v. Pearce, 395 U.S. 711, 717 (1969)).
 Nevertheless, a second trial may be permitted when "the
 public's interest in fair trials designed to end in just
 judgments" is maintained, and the "defendant's
 interests in having his case finally decided by the [first]
 jury" is protected. Oregon v. Kennedy, 456 U.S.
 667, 672 (1982) (quoting Wade v. Hunter, 336 U.S.
 684, 689 (1949)).
 
 
 ¶16
 In Colorado, this balance is codified through several
 statutes, which determine when a second prosecution is and is
 not barred. A second prosecution is barred for the
 same offense if the former prosecution (1) "resulted in
 an acquittal"; (2) "was terminated by a final order
 or judgment for the defendant that has not been set aside,
 reversed, or vacated"; (3) "resulted in a
 conviction . . . that has not been reversed or vacated";
 or (4) "was improperly terminated." §
 18-1-301(1)(a)-(d), C.R.S. (2021). Contrarily, a second
 prosecution is not barred if the former prosecution:
 (1) "[w]as before a court that lacked jurisdiction over
 the defendant or the offense"; (2) "[w]as procured
 by the defendant without the
 
 
 8
 
 
 knowledge of the appropriate prosecuting official"; or
 (3) "[r]esulted in a judgment of conviction that was set
 aside, reversed, or vacated upon appeal or in any other
 subsequent judicial proceeding." §
 18-1-304(1)(a)-(c), C.R.S. (2021).
 
 
 ¶17
 These statutes reflect the principle that when a conviction
 is reversed for legal error, rather than evidentiary
 insufficiency, "it implies nothing with respect to the
 guilt or innocence of the defendant." Burks v.
 United States, 437 U.S. 1, 15 (1978). Instead, such a
 reversal signals that the defendant was convicted through a
 defective judicial process. Id. As such, the
 "accused has a strong interest in obtaining a fair
 readjudication of his guilt free from error, just as society
 maintains a valid concern for insuring that the guilty are
 punished." Id. Thus, where a legal error occurs
 in the trial court, double jeopardy typically does not bar
 retrial. Lockhart v. Nelson, 488 U.S. 33, 38 (1988)
 ("It has long been settled . . . that the Double
 Jeopardy Clause's general prohibition against successive
 prosecutions does not prevent the government from retrying a
 defendant who succeeds in getting his first conviction set
 aside . . . because of some error in the proceedings leading
 to conviction."); see also Rice v. People, 565
 P.2d 940, 942 (Colo. 1977) (reversing judgment and remanding
 for new trial due to defendant's failure to personally
 waive his right to a jury); People v. Ridgeway, 2013
 COA 17, ¶¶ 34, 36, 307 P.3d 126, 131 (reversing
 judgment and remanding for a new trial where the jury was not
 instructed on an element of the crime).
 
 
 9
 
 
 ¶18
 In this case, the division reversed Viburg's felony DUI
 conviction, holding that it was improper because the jury did
 not find all elements of the crime beyond a reasonable
 doubt-reasoning we subsequently ratified in
 Linnebur. Therefore, Viburg's conviction for
 felony DUI "was set aside, reversed, or vacated upon
 appeal." See § 18-1-304(1)(c). That is,
 although Viburg's conviction was overturned, he was never
 acquitted; rather, the court of appeals deemed the conviction
 invalid by rejecting the trial court's interpretation of
 the DUI statute. And so, under section 18-1-304(1)(c), a
 second prosecution is not barred.
 
 
 ¶19
 Conversely, consider People v. Paulsen, 601 P.2d 634
 (Colo. 1979). In that case we held that "[j]eopardy
 attaches when . . . a judgment of acquittal has been
 granted" such that "the defendant cannot be tried
 again on the same charge." Id. at 636. There,
 the trial court erroneously determined that the statute cited
 in the charges against the defendant did not define the crime
 to be charged and subsequently entered a judgment of
 acquittal. Id. at 635. Although the trial court
 erred when granting the motion for judgment of acquittal
 because a different section of the statute provided such a
 definition, we held that even the erroneous acquittal barred
 retrial under the double jeopardy clause. Id. at
 635-36. But one key fact distinguishes Paulsen from
 Viburg's case: Here, there was no acquittal. And where
 the defendant is not acquitted, double jeopardy does not bar
 retrial.
 
 
 10
 
 
 ¶20
 Viburg nevertheless maintains that double jeopardy bars his
 retrial for felony DUI because he already stands convicted of
 a lesser included offense and because the prosecution failed
 to present the evidence to the jury. We disagree.
 
 
 ¶21
 Where the elements of one offense are a logical subset of
 another, a criminal defendant is entitled to have the jury
 instructed on the lesser offense. People v. Rock,
 2017 CO 84, ¶¶ 8, 16, 402 P.3d 472, 475-76, 478;
 see also Reyna-Abarca v. People, 2017 CO 15, ¶
 3, 390 P.3d 816, 818. And a defendant cannot "be made to
 suffer simultaneous convictions for greater and lesser
 included offenses." Rock, ¶ 11, 402 P.3d
 at 476. Therefore, a jury can either find the defendant
 guilty of all the elements, and thus convict them on
 the greater offense, or, alternatively, the jury could find
 the defendant guilty of only the subset of elements
 and thus convict them of the lesser included offense.
 Id. at ¶ 8, 402 P.3d at 475. By definition, a
 jury that finds a defendant guilty of a lesser included
 offense axiomatically acquits them of the greater offense.
 See e.g., People v. Rigsby, 2020 CO 74,
 ¶ 1, 471 P.3d 1068, 1071 ("[T]he jury returned a
 guilty verdict on the lesser included offense of third degree
 assault . . .; in so doing, the jury necessarily
 acquitted [the defendant] of the charged offense on that
 count." (emphasis added)). True, a conviction of a
 lesser included offense would generally mean an acquittal on
 the greater; the acquittal, however, would only exist where
 the jury actually considered the greater offense. See
 Ohio v. Johnson, 467 U.S. 493, 500-02 (1984). But that
 is not what happened here.
 
 
 11
 
 
 ¶22
 Here, the jury didn't acquit Viburg of felony DUI because
 it never actually considered whether he was
 guilty of felony DUI. Although the People charged Viburg with
 felony DUI, the trial court erroneously ruled that
 Viburg's prior convictions were a sentence enhancer
 rather than an element of the crime.[1] As a result, the prosecution
 never received the opportunity to present the evidence to the
 jury, which didn't render a verdict on felony DUI at all.
 Therefore, that misdemeanor DUI is a lesser included offense
 of felony DUI has no bearing on whether the prosecution may
 retry Viburg for felony DUI.
 
 
 ¶23
 Accordingly, we conclude that double jeopardy principles
 don't preclude the prosecution from retrying Viburg for
 felony DUI.
 
 
 C.
 Due Process and Fundamental Fairness
 
 
 ¶24
 Viburg next argues that due process and the right to a jury
 trial preclude his retrial. Again, we disagree.
 
 
 ¶25
 Taken together, the Fifth and Sixth Amendments require a
 "jury verdict finding a defendant guilty of every
 element beyond a reasonable doubt." Medina v.
 People, 163 P.3d 1136, 1140 (Colo. 2007). Here, the jury
 never found the
 
 
 12
 
 
 fact of Viburg's prior convictions beyond a reasonable
 doubt, even though the division subsequently deemed prior
 convictions to be an element of felony DUI. Relying on
 Medina, Viburg argues that retrial would violate his
 due process rights and that the proper remedy is to order
 resentencing for misdemeanor DUI-the crime of which the jury
 actually found him guilty.
 
 
 ¶26
 But Medina is distinguishable. In that case, the
 prosecution listed the defendant's charge as a class 4
 felony, but the information failed to include an essential
 element of that charge. Id. Instead, throughout
 trial, both parties proceeded as though Medina had been
 charged with a lesser class 5 felony by solely discussing
 evidence of the elements of that crime. Id. at
 1138-39. Yet, following the jury's guilty verdict on that
 charge, the trial court sentenced Medina to the unproven
 class 4 felony. Id. at 1139. We determined that the
 trial court "entered its own conviction and sentence [on
 the] class 4 felony instead of determining the punishment
 warranted by the jury's guilty verdict."
 Id. at 1140. We thus held that the trial court
 violated Medina's due process rights because it
 "essentially judged Medina guilty of a new and different
 crime" without providing Medina adequate notice.
 Id. at 1141. And without addressing the possibility
 of retrial, we deemed the error structural and remanded for
 resentencing on the class 5 felony. Id. at 1141-42.
 
 
 13
 
 
 ¶27
 Viburg's case is different. The prosecution properly
 charged him with felony DUI, and the trial court (albeit
 erroneously) ruled that it could find the fact of his prior
 convictions in a post-verdict proceeding. See Apprendi v.
 New Jersey, 530 U.S. 466, 490 (2000) ("Other
 than the fact of a prior conviction, any fact that
 increases the penalty for a crime beyond the prescribed
 statutory maximum must be submitted to a jury, and proved
 beyond a reasonable doubt." (emphasis added)). But
 unlike in Medina, Viburg was fully on notice that he
 was charged with felony DUI and could be convicted of such.
 Thus, the trial court didn't "essentially
 judge" Viburg guilty "of a new and different
 crime." Cf. Medina, 163 P.3d at 1141. Instead,
 in line with then-valid caselaw, the court simply escalated
 his sentence under the logic of Apprendi. Therefore,
 Viburg was not blindsided by the case's outcome like the
 defendant in Medina; rather, Viburg was fully on
 notice of the court's interpretation of the statute and
 sentencing. Accordingly, we conclude that allowing the
 prosecution to retry Viburg for felony DUI does not violate
 his right to due process.[2]
 
 
 14
 
 
 D.
 Mandatory Joinder
 
 
 ¶28
 Finally, Viburg argues that Colorado's mandatory joinder
 statute bars a second trial and requires dismissal of the
 felony charge. Specifically, Viburg relies on section
 18-1-408(2), C.R.S. (2021), which requires the district
 attorney to prosecute all offenses "based on the same
 act or series of acts arising from the same criminal
 episode" in a single trial. But the same statute
 provides that an offense not so joined "cannot
 thereafter be the basis of a subsequent prosecution."
 Id. Here, the People did charge Viburg with
 felony DUI in the original complaint. Therefore, Viburg's
 reliance on the mandatory joinder statute is unavailing.
 
 
 IV.
 Conclusion
 
 
 ¶29
 For the foregoing reasons, we discharge our rule to show
 cause and remand to the trial court for further proceedings.
 
 
 1
 
 
 ¶30
 In Linnebur v. People, 2020 CO 79M, ¶ 2, 476
 P.3d 734, 735, we held that prior convictions are an element
 of the crime of felony driving under the influence
 ("DUI"), meaning they "must be proved to the
 jury beyond a reasonable doubt." We thus reversed the
 defendant's conviction for felony driving while ability
 impaired ("DWAI") (a lesser included offense of
 felony DUI), and we stated that the trial court could
 resentence him to misdemeanor DWAI on remand if it wished.
 Id. at ¶ 32, 476 P.3d at 741. But we left open
 the question of whether double jeopardy barred retrial of the
 felony DUI charge. Id.
 
 
 ¶31
 In this case, we are confronted directly with that unanswered
 question. We now hold that double jeopardy does not bar
 retrial because the defendant was not previously acquitted of
 felony DUI. Hence, we discharge our rule to show cause and
 remand to the trial court for further proceedings.
 
 
 I.
 Facts and Procedural History
 
 
 ¶32
 The People charged Kevin Wayne Viburg with driving under the
 influence with three or more prior alcohol-related traffic
 offenses-i.e., felony DUI. See §
 42-4-1301(1)(a), C.R.S. (2021) (providing that DUI is a
 misdemeanor, "but it is a class 4 felony if the
 violation occurred after three or more prior convictions,
 arising out of separate and distinct criminal episodes,"
 for various alcohol-related traffic offenses). Prior to
 trial, Viburg moved to treat his prior convictions as an
 element of the crime, which would require the jury to find
 them beyond a reasonable
 
 
 2
 
 
 doubt. The court denied the motion, ruling that Viburg's
 prior convictions were a sentence enhancer that need only be
 proved by a preponderance of the evidence at a hearing after
 a trial on the merits. As a result, evidence of his prior
 convictions was not introduced to the jury; instead, at
 trial, the court instructed the jury only on the elements of
 misdemeanor DUI. The jury then found Viburg guilty of
 misdemeanor DUI. Subsequently, at a post-conviction hearing,
 the trial court found by a preponderance of the evidence that
 Viburg had three prior alcohol-related traffic offenses, and
 it entered a conviction for felony DUI.
 
 
 ¶33
 On direct appeal, a division of the court of appeals
 reversed. People v. Viburg, 2020 COA 8M, ¶ 1,
 477 P.3d 746, 747-48. The division held that prior
 convictions are an element of felony DUI, meaning they must
 be presented to the jury and proved beyond a reasonable
 doubt. Id. The division further stated that if the
 prosecution sought retrial and Viburg raised a double
 jeopardy defense, the trial court must rule on the defense;
 it declined to express an opinion on the merits of the
 defense. Id. at ¶ 32, 477 P.3d at 752.
 
 
 ¶34
 The People sought certiorari review, asking us to determine
 whether prior convictions were a sentence enhancer or an
 element of the offense. While the People's petition was
 pending, we issued our opinion in Linnebur, which
 mirrored the Viburg division's analysis deeming
 prior convictions to be an element of felony DUI.
 Linnebur, ¶ 2, 476 P.3d at 735. However, we too
 declined to address the
 
 
 3
 
 
 merits of any double jeopardy defense that might arise on
 remand. Id. at ¶ 32, 476 P.3d at 741 ("If,
 in lieu of resentencing, the prosecution seeks retrial of the
 felony DUI charge and [the defendant] raises a double
 jeopardy defense, the trial court must rule on that
 defense."). We then denied the People's petition for
 certiorari in Viburg's case.
 
 
 ¶35
 On remand, the People sought to retry Viburg for felony DUI.
 Viburg moved to dismiss the felony DUI charge and asked that
 the court resentence him for misdemeanor DUI. Specifically,
 he argued that double jeopardy principles barred the People
 from retrying him for felony DUI because (1) he was already
 convicted of misdemeanor DUI, which is a lesser included
 offense of felony DUI; (2) the prosecution failed to produce
 evidence of the prior convictions in the first proceeding;
 and (3) he had already been tried by one jury and could not
 be tried for one count by two different juries. Viburg
 further contended that retrial violated Colorado's
 mandatory joinder statute and that a successive trial would
 violate his rights to due process and a jury trial.
 
 
 ¶36
 The trial court denied Viburg's motion. The court
 concluded that retrial would not violate double jeopardy
 because the prior guilty verdict for felony DUI had been set
 aside on appeal. The court also rejected Viburg's due
 process and joinder arguments.
 
 
 ¶37
 Viburg sought relief under C.A.R. 21, and we issued a rule to
 show cause.
 
 
 4
 
 
 II.
 Original Jurisdiction
 
 
 ¶38
 We exercise original jurisdiction and grant relief under
 C.A.R. 21 only when "no other adequate remedy . . . is
 available." C.A.R. 21(a)(1). We deem such relief
 appropriate, for example, "when an appellate remedy
 would be inadequate, when a party may otherwise suffer
 irreparable harm, [or] when a petition raises issues of
 significant public importance that we have not yet
 considered." People v. Huckabay, 2020 CO 42,
 ¶ 9, 463 P.3d 283, 285 (alteration in original) (quoting
 People v. Kilgore, 2020 CO 6, ¶ 8, 455 P.3d
 746, 748). Indeed, C.A.R. 21 provides relief that is
 "extraordinary in nature" and "wholly within
 [this court's] discretion." C.A.R. 21(a)(1).
 
 
 ¶39
 The issue in this case-whether double jeopardy and due
 process preclude a defendant's retrial when their felony
 DUI conviction was reversed on direct appeal-constitutes a
 question of significant public importance because (1) it
 results from a recent decision from this court that clarified
 how evidence of prior convictions must be treated, (2) it
 affects a substantial number of cases, and (3) it implicates
 the constitutional right against double jeopardy.
 
 
 ¶40
 We now consider the petition on its merits.
 
 
 III.
 Analysis
 
 
 ¶41
 We first determine that the de novo standard of review
 applies. Then, after reviewing double jeopardy jurisprudence,
 we discuss each of Viburg's claims in
 
 
 5
 
 
 turn. We first hold that double jeopardy does not bar retrial
 because Viburg was not previously acquitted of felony DUI. We
 next conclude that retrial does not violate Viburg's due
 process rights. Finally, we reject Viburg's assertion
 that retrial violates Colorado's mandatory joinder
 statute. Accordingly, we discharge our rule to show cause and
 remand to the trial court for further proceedings.
 
 
 E.
 Standard of Review
 
 
 ¶42
 We review constitutional challenges to sentencing
 determinations de novo. People v. Johnson, 2015 CO
 70, ¶ 9, 363 P.3d 169, 174; Lopez v. People,
 113 P.3d 713, 720 (Colo. 2005).
 
 
 F.
 Double Jeopardy
 
 
 ¶43
 The Double Jeopardy Clause of the United States Constitution
 protects individuals from being "twice put in jeopardy
 of life or limb." U.S. Const. amend. V. The Colorado
 Constitution provides the same protection. See Colo.
 Const. art II., § 18 ("No person shall . . . be
 twice put in jeopardy for the same offense.");
 People v. Simon, 266 P.3d 1099, 1109 n.10 (Colo.
 2011) ("We have previously adopted U.S. Supreme Court
 double jeopardy jurisprudence as the correct interpretation
 of Colorado's constitutional provision."). The
 deeply ingrained purpose of double jeopardy is to prevent
 "the State with all its resources and power" from
 repeatedly attempting to convict a defendant, thus
 "subjecting [the defendant] to embarrassment, expense
 and ordeal and compelling him to live
 
 
 6
 
 
 in a continuing state of anxiety and insecurity."
 United States v. Scott, 437 U.S. 82, 87 (1978).
 
 
 ¶44
 The Double Jeopardy Clause protects the accused against (1)
 "a second prosecution for the same offense after
 acquittal," (2) "a second prosecution for the same
 offense after conviction," and (3) "multiple
 punishments for the same offense." Brown v.
 Ohio, 432 U.S. 161, 165 (1977) (quoting North
 Carolina v. Pearce, 395 U.S. 711, 717 (1969)).
 Nevertheless, a second trial may be permitted when "the
 public's interest in fair trials designed to end in just
 judgments" is maintained, and the "defendant's
 interests in having his case finally decided by the [first]
 jury" is protected. Oregon v. Kennedy, 456 U.S.
 667, 672 (1982) (quoting Wade v. Hunter, 336 U.S.
 684, 689 (1949)).
 
 
 ¶45
 In Colorado, this balance is codified through several
 statutes, which determine when a second prosecution is and is
 not barred. A second prosecution is barred for the
 same offense if the former prosecution (1) "resulted in
 an acquittal"; (2) "was terminated by a final order
 or judgment for the defendant that has not been set aside,
 reversed, or vacated"; (3) "resulted in a
 conviction . . . that has not been reversed or vacated";
 or (4) "was improperly terminated." §
 18-1-301(1)(a)-(d), C.R.S. (2021). Contrarily, a second
 prosecution is not barred if the former prosecution:
 (1) "[w]as before a court that lacked jurisdiction over
 the defendant or the offense"; (2) "[w]as procured
 by the defendant without the
 
 
 7
 
 
 knowledge of the appropriate prosecuting official"; or
 (3) "[r]esulted in a judgment of conviction that was set
 aside, reversed, or vacated upon appeal or in any other
 subsequent judicial proceeding." §
 18-1-304(1)(a)-(c), C.R.S. (2021).
 
 
 ¶46
 These statutes reflect the principle that when a conviction
 is reversed for legal error, rather than evidentiary
 insufficiency, "it implies nothing with respect to the
 guilt or innocence of the defendant." Burks v.
 United States, 437 U.S. 1, 15 (1978). Instead, such a
 reversal signals that the defendant was convicted through a
 defective judicial process. Id. As such, the
 "accused has a strong interest in obtaining a fair
 readjudication of his guilt free from error, just as society
 maintains a valid concern for insuring that the guilty are
 punished." Id. Thus, where a legal error occurs
 in the trial court, double jeopardy typically does not bar
 retrial. Lockhart v. Nelson, 488 U.S. 33, 38 (1988)
 ("It has long been settled . . . that the Double
 Jeopardy Clause's general prohibition against successive
 prosecutions does not prevent the government from retrying a
 defendant who succeeds in getting his first conviction set
 aside . . . because of some error in the proceedings leading
 to conviction."); see also Rice v. People, 565
 P.2d 940, 942 (Colo. 1977) (reversing judgment and remanding
 for new trial due to defendant's failure to personally
 waive his right to a jury); People v. Ridgeway, 2013
 COA 17, ¶¶ 34, 36, 307 P.3d 126, 131 (reversing
 judgment and remanding for a new trial where the jury was not
 instructed on an element of the crime).
 
 
 8
 
 
 ¶47
 In this case, the division reversed Viburg's felony DUI
 conviction, holding that it was improper because the jury did
 not find all elements of the crime beyond a reasonable
 doubt-reasoning we subsequently ratified in
 Linnebur. Therefore, Viburg's conviction for
 felony DUI "was set aside, reversed, or vacated upon
 appeal." See § 18-1-304(1)(c). That is,
 although Viburg's conviction was overturned, he was never
 acquitted; rather, the court of appeals deemed the conviction
 invalid by rejecting the trial court's interpretation of
 the DUI statute. And so, under section 18-1-304(1)(c), a
 second prosecution is not barred.
 
 
 ¶48
 Conversely, consider People v. Paulsen, 601 P.2d 634
 (Colo. 1979). In that case we held that "[j]eopardy
 attaches when . . . a judgment of acquittal has been
 granted" such that "the defendant cannot be tried
 again on the same charge." Id. at 636. There,
 the trial court erroneously determined that the statute cited
 in the charges against the defendant did not define the crime
 to be charged and subsequently entered a judgment of
 acquittal. Id. at 635. Although the trial court
 erred when granting the motion for judgment of acquittal
 because a different section of the statute provided such a
 definition, we held that even the erroneous acquittal barred
 retrial under the double jeopardy clause. Id. at
 635-36. But one key fact distinguishes Paulsen from
 Viburg's case: Here, there was no acquittal. And where
 the defendant is not acquitted, double jeopardy does not bar
 retrial.
 
 
 9
 
 
 ¶49
 Viburg nevertheless maintains that double jeopardy bars his
 retrial for felony DUI because he already stands convicted of
 a lesser included offense and because the prosecution failed
 to present the evidence to the jury. We disagree.
 
 
 ¶50
 Where the elements of one offense are a logical subset of
 another, a criminal defendant is entitled to have the jury
 instructed on the lesser offense. People v. Rock,
 2017 CO 84, ¶¶ 8, 16, 402 P.3d 472, 475-76, 478;
 see also Reyna-Abarca v. People, 2017 CO 15, ¶
 3, 390 P.3d 816, 818. And a defendant cannot "be made to
 suffer simultaneous convictions for greater and lesser
 included offenses." Rock, ¶ 11, 402 P.3d
 at 476. Therefore, a jury can either find the defendant
 guilty of all the elements, and thus convict them on
 the greater offense, or, alternatively, the jury could find
 the defendant guilty of only the subset of elements
 and thus convict them of the lesser included offense.
 Id. at ¶ 8, 402 P.3d at 475. By definition, a
 jury that finds a defendant guilty of a lesser included
 offense axiomatically acquits them of the greater offense.
 See e.g., People v. Rigsby, 2020 CO 74,
 ¶ 1, 471 P.3d 1068, 1071 ("[T]he jury returned a
 guilty verdict on the lesser included offense of third degree
 assault . . .; in so doing, the jury necessarily
 acquitted [the defendant] of the charged offense on that
 count." (emphasis added)). True, a conviction of a
 lesser included offense would generally mean an acquittal on
 the greater; the acquittal, however, would only exist where
 the jury actually considered the greater offense. See
 Ohio v. Johnson, 467 U.S. 493, 500-02 (1984). But that
 is not what happened here.
 
 
 10
 
 
 ¶51
 Here, the jury didn't acquit Viburg of felony DUI because
 it never actually considered whether he was
 guilty of felony DUI. Although the People charged Viburg with
 felony DUI, the trial court erroneously ruled that
 Viburg's prior convictions were a sentence enhancer
 rather than an element of the crime.[3] As a result, the prosecution
 never received the opportunity to present the evidence to the
 jury, which didn't render a verdict on felony DUI at all.
 Therefore, that misdemeanor DUI is a lesser included offense
 of felony DUI has no bearing on whether the prosecution may
 retry Viburg for felony DUI.
 
 
 ¶52
 Accordingly, we conclude that double jeopardy principles
 don't preclude the prosecution from retrying Viburg for
 felony DUI.
 
 
 G.
 Due Process and Fundamental Fairness
 
 
 ¶53
 Viburg next argues that due process and the right to a jury
 trial preclude his retrial. Again, we disagree.
 
 
 ¶54
 Taken together, the Fifth and Sixth Amendments require a
 "jury verdict finding a defendant guilty of every
 element beyond a reasonable doubt." Medina v.
 People, 163 P.3d 1136, 1140 (Colo. 2007). Here, the jury
 never found the
 
 
 11
 
 
 fact of Viburg's prior convictions beyond a reasonable
 doubt, even though the division subsequently deemed prior
 convictions to be an element of felony DUI. Relying on
 Medina, Viburg argues that retrial would violate his
 due process rights and that the proper remedy is to order
 resentencing for misdemeanor DUI-the crime of which the jury
 actually found him guilty.
 
 
 ¶55
 But Medina is distinguishable. In that case, the
 prosecution listed the defendant's charge as a class 4
 felony, but the information failed to include an essential
 element of that charge. Id. Instead, throughout
 trial, both parties proceeded as though Medina had been
 charged with a lesser class 5 felony by solely discussing
 evidence of the elements of that crime. Id. at
 1138-39. Yet, following the jury's guilty verdict on that
 charge, the trial court sentenced Medina to the unproven
 class 4 felony. Id. at 1139. We determined that the
 trial court "entered its own conviction and sentence [on
 the] class 4 felony instead of determining the punishment
 warranted by the jury's guilty verdict."
 Id. at 1140. We thus held that the trial court
 violated Medina's due process rights because it
 "essentially judged Medina guilty of a new and different
 crime" without providing Medina adequate notice.
 Id. at 1141. And without addressing the possibility
 of retrial, we deemed the error structural and remanded for
 resentencing on the class 5 felony. Id. at 1141-42.
 
 
 12
 
 
 ¶56
 Viburg's case is different. The prosecution properly
 charged him with felony DUI, and the trial court (albeit
 erroneously) ruled that it could find the fact of his prior
 convictions in a post-verdict proceeding. See Apprendi v.
 New Jersey, 530 U.S. 466, 490 (2000) ("Other
 than the fact of a prior conviction, any fact that
 increases the penalty for a crime beyond the prescribed
 statutory maximum must be submitted to a jury, and proved
 beyond a reasonable doubt." (emphasis added)). But
 unlike in Medina, Viburg was fully on notice that he
 was charged with felony DUI and could be convicted of such.
 Thus, the trial court didn't "essentially
 judge" Viburg guilty "of a new and different
 crime." Cf. Medina, 163 P.3d at 1141. Instead,
 in line with then-valid caselaw, the court simply escalated
 his sentence under the logic of Apprendi. Therefore,
 Viburg was not blindsided by the case's outcome like the
 defendant in Medina; rather, Viburg was fully on
 notice of the court's interpretation of the statute and
 sentencing. Accordingly, we conclude that allowing the
 prosecution to retry Viburg for felony DUI does not violate
 his right to due process.[4]
 
 
 13
 
 
 H.
 Mandatory Joinder
 
 
 ¶57
 Finally, Viburg argues that Colorado's mandatory joinder
 statute bars a second trial and requires dismissal of the
 felony charge. Specifically, Viburg relies on section
 18-1-408(2), C.R.S. (2021), which requires the district
 attorney to prosecute all offenses "based on the same
 act or series of acts arising from the same criminal
 episode" in a single trial. But the same statute
 provides that an offense not so joined "cannot
 thereafter be the basis of a subsequent prosecution."
 Id. Here, the People did charge Viburg with
 felony DUI in the original complaint. Therefore, Viburg's
 reliance on the mandatory joinder statute is unavailing.
 
 
 IV.
 Conclusion
 
 
 ¶58
 For the foregoing reasons, we discharge our rule to show
 cause and remand to the trial court for further proceedings.
 
 
 14
 
 
 ---------
 
 
 Notes:
 
 
 [1] This is not a criticism of the trial
 court's ruling. Before our 2020 decision in
 Linnebur, multiple divisions of the court of appeals
 had reached the same conclusion. See People v.
 Quezada-Caro, 2019 COA 155, ¶¶ 24, 31, 490
 P.3d 507, 513-14; People v. Gwinn, 2018 COA 130,
 ¶¶ 49-50, 428 P.3d 727, 737-38.
 
 
 [2] Relatedly, Viburg argues that retrial
 is fundamentally unfair. Specifically, he contends that the
 integrity of the trial process would be undermined by a
 successive trial and that retrial would give the prosecution
 a second opportunity to present evidence with the unfair
 advantage of using his appellate briefing to ensure it meets
 the burden of proof. However, unlike in Medina, the
 prosecutor in this case never had the chance to try the prior
 conviction element. Here, it is fair to allow the People an
 opportunity to do so now that Viburg's conviction has
 been reversed on appeal for legal error. See Burks,
 437 U.S. at 15.
 
 
 [3] This is not a criticism of the trial
 court's ruling. At the time of the trial
 court's decision Before our 2020 decision in
 Linnebur, multiple divisions of the court of appeals had
 reached the same conclusion. See People v.
 Quezada-Caro, 2019 COA 155, ¶¶ 24, 31, 490
 P.3d 507, 513-14; People v. Gwinn, 2018 COA 130,
 ¶¶ 49-50, 428 P.3d 727, 737-38.
 
 
 [4] Relatedly, Viburg argues that retrial
 is fundamentally unfair. Specifically, he contends that the
 integrity of the trial process would be undermined by a
 successive trial and that retrial would give the prosecution
 a second opportunity to present evidence with the unfair
 advantage of using his appellate briefing to ensure it meets
 the burden of proof. However, unlike in Medina, the
 prosecutor in this case never had the chance to try the prior
 conviction element. Here, it is fair to allow the People an
 opportunity to do so now that Viburg's conviction has
 been reversed on appeal for legal error. See Burks,
 437 U.S. at 15.
 
 
 ---------